UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-25313-WILLIAMS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE,
CLEVELAND, OHIO, WITH ALL APPURTENANCES,
IMPROVEMENTS, AND ATTACHMENTS THEREON,
AND ANY RIGHT TO COLLECT AND RECEIVE ANY
PROFIT, RENT, INCOME, AND PROCEEDS
THEREFROM,

      Defendant,
_____/

**UNOPPOSED MOTION FOR EXTENSION OF TIME AND
UNOPPOSED MOTION TO TRANSFER CASE TO A SINGLE JUDGE**

Claimants Mordechai Korf, Uriel Laber, Optima 55 Public Square, LLC, and Optima Ventures, LLC, (all collectively "Claimants"), give notice pursuant to Local Rule 3.8 and Internal Operating Procedures 2.06.00 and 2.15.00 of pending, refiled, related, or similar actions in Case No. 20-cv-23278-MGC (in which Korf, Laber, Optima 7171 LLC and Optima Ventures LLC are claimants) and Case No. 20-cv-23279-MGC (in which Korf, Laber, CBD 500 LLC and Optima CBD Investments, LLC are claimants), and hereby move to assign the three cases to the same judge. The Government does not oppose and agrees to transfer to a single judge.

These are civil forfeiture cases brought by the Government. The same individuals (Korf and Laber) are Claimants in all three cases. Claimant Optima Ventures is also a claimant in Case No. 20-cv-23278. The government is seeking forfeiture of real property and interests in real

1

property based on a common nucleus of operative facts, stemming from the government's allegation of improper bank loans in Ukraine.

The transactions and occurrences at issue in the three cases are overlapping and nearly identical. *Compare* ECF#1 (Verified Complaint), Case No. 20-cv-23278-MGC *with* ECF#1 (Verified Complaint), Case No. 20-cv-23279-MGC and ECF#1 (Verified Complaint), Case No. 20-cv-25313-KMW. Identical (or nearly identical) factual allegations appear in dozens of paragraphs in the three complaints. The same case agent signs the verification page for all three complaints. The same parties, same counsel, and same witnesses will participate in both cases. The evidence and documents in both cases overlap. The civil cover sheet prepared by the government identifies that the cases are related. See ECF#1-1, 1.

The Court's decision may turn on statutory interpretation and constitutional doctrines common to both cases. The Court will have to interpret the same Ukrainian laws, weigh the same evidence, make credibility determinations of the same witnesses and trace some of the same financial transactions in both cases. In this circumstance, transfer to a single judge will avoid the inefficiencies and unnecessary expense of having two judges decide common factual and legal questions and promote judicial economy. Put simply, transfer to one judge should occur to "avoid the unnecessary duplication of judicial labor and comport with the requirements of Local Rule 3.8 and IOP 2.15.00." *Wortley v. Baskt*, No. 17-20050-CIV, 2017 WL 11428591, at *2 (S.D. Fla. Feb. 14, 2017). It will also allow the parties to save resources by not having to appear before two different judges to make arguments and present evidence common to both cases.

The Parties therefore jointly move to transfer these two pending matters to a single judge, pursuant to S.D. Fla. Internal Operating Procedure 2.06.00 and 2.15.00. Such a transfer will avoid

"the unnecessary duplication of judicial labor" that the case management system in the Southern District of Florida seeks to avoid. *See* S.D. Fla. Internal Operating Procedures 2.15.00(c).

In addition, Claimants respectfully request a 14-day extension of the deadline to file responsive motions or answers through to and including February 19, 2021. Rule G(5)(b) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that a claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. All three verified claims were filed January 19, 2021. Accordingly, the deadline to file responsive motions or answers is Monday, February 8, 2021. Good cause exists for the requested extension because of the complexity of this matter, allegedly involving billions of dollars of loans issued in Ukraine. The Government does not oppose the requested extension.

**WHEREFORE**, Claimants respectfully notify the Court that: (1) Claimants have no objection to a transfer; (2) Claimants and the Government request transfer of this Action to a single judge, and for such other and further relief that the Court deems just and appropriate under the circumstances; and (3) Claimants request an extension of the deadline to file responsive motions or answers through to and including February 19, 2021.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Claimants certifies that he conferred with government counsel who advised that the government does not oppose to the relief requested herein.

        Respectfully submitted,

        Black, Srebnick, Kornspan & Stumpf, P.A.
        201 South Biscayne Blvd., Suite 1300
        Miami, FL 33131
        Tel: (305) 371-6421
        Fax: (305) 371-6322

By:   */s/ Howard M. Srebnick*
        Howard M. Srebnick
         Florida Bar No. 919063
         HSrebnick@RoyBlack.com

        Robert T. Dunlap
         Florida Bar No. 11950
         RDunlap@RoyBlack.com

        *Attorneys for Claimants Korf, Optima 7171, LLC, and Optima Ventures, LLC*

        Kasowitz Benson Torres LLP
        1633 Broadway
        New York, New York 10019
        (212) 506-1700
        Marc E. Kasowitz
        Mark P. Ressler
        Ronald R. Rossi
        Sarmad M. Khojasteh
        Joshua Paul
        *Pro Hac Vice Anticipated*
        MKasowitz@kasowitz.com
        MRessler@kasowitz.com
        RRossi@kasowitz.com
        SKhojasteh@kasowitz.com
        JPaul@kasowitz.com

        *Attorneys for Claimants*

*/s/ Scott A. Srebnick, P.A.*
Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite 1210
Miami, FL 33131
Telephone: (305) 285-9019
Facsimile: (305) 377-9937
Scott@srebnicklaw.com

*Attorney for Claimant Laber*