UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-25313-MGC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE,
CLEVELAND, OHIO, WITH ALL APPURTENANCES,
IMPROVEMENTS, AND ATTACHMENTS THEREON,
AND ANY RIGHT TO COLLECT AND RECEIVE ANY
PROFIT, RENT, INCOME, AND PROCEEDS
THEREFROM,

    Defendant.
_____/

**AGREED MOTION TO AUTHORIZE INTERLOCUTORY SALE
AND INCORPORATED MEMORANDUM OF LAW**

    The United States of America, pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Rules"), moves for an order permitting the sale of the real property that the Government seeks to forfeit pursuant to 18 U.S.C. § 981(a)(1). The parties have agreed to the terms of the sale and agree that it is in the best interest of all parties to sell at this time. In support of its motion, the Government states the following:

    On December 30, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* (the "Complaint") against the real property located at 55 Public Square, Cleveland, Ohio (the "Property"). [ECF No. 1]. The Complaint alleged that the Property was subject to forfeiture because it was purchased with funds that facilitated, were involved in, and are traceable to an

international conspiracy to launder money embezzled and fraudulently obtained from PrivatBank. *Id*.

Both the Government and the owner of the Property, Optima 55 Public Square LLC ("Optima"), who is also a claimant in this case [ECF No. 6], wish to sell the Property. The purchase and sale agreement ("PSA"), with a sale price of $17 million, is attached hereto as Exhibit A. The purchaser, KD 55 Public Square LLC (the "Purchaser"), has no ownership or other affiliation with Optima or any of its owners, members, officials, or employees. *See* Exhibit B, Declaration of Douglas E. Price, III, at ¶ 8. Likewise, neither Optima nor any of its owners, members, officials, or employees will have any continued interest in the Property following the sale. *Id.* at ¶ 9.

The Government does not object to this sale, and the parties request the Court's approval of this interlocutory sale in accordance with Rule G(7). The parties agree that the sale of the Property at this time will maximize and preserve the value of the Property by avoiding fees and costs related to an outstanding mortgage, property taxes, maintenance costs, and other expenses that would accrue if the Property were not sold. The contemplated sale will also ensure that the value of the Property is not subject to market fluctuations.

The sale of this Property was the subject of a motion in a civil case in Delaware state court, *Joint Stock Company Commercial Bank PrivatBank v. Igor Valeryevich Kolomoisky, et al.*, 2019-0377-JRS (the "Delaware case"). On December 24, 2020, Optima filed a Motion to Approve Sale of Distressed Properties in the Delaware case, requesting, *inter alia*, that the Court approve the sale of the Property. On January 25, 2021, the Delaware court ruled from the bench that it would approve the sale once PrivatBank had an opportunity to take a deposition on the question of fair market value. *See* Exhibit C, Excerpted Transcript of Hearing. The Delaware

2

court further agreed to allow the net proceeds of the sale to be held in escrow by the United States Marshals Service, pending the outcome of the litigation in both the Delaware case and this action. *Id*. On January 28, 2021, PrivatBank's counsel filed a letter with the Delaware court, indicating that it would not proceed with the deposition, thereby allowing the sale to proceed. *See* Exhibit D, Letter to Vice Chancellor Slights.

The procedures for approving an interlocutory sale in a civil forfeiture case are set forth in Rule G(7)(b), which provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action when one or more conditions are met. For example, the court may order a sale when "the property is subject to a mortgage or to taxes on which the owner is in default," when "the expense of keeping the property is excessive or is disproportionate to its fair market value," or on a finding of "other good cause." Rule G(7)(b)(i)(B)-(D).

All three of those conditions are met here. Most significantly, the Property is in foreclosure, and Optima has ceased to make monthly payments. The lender has accumulated attorneys' fees of $85,000 to date in connection with the default on the mortgage. *See* Exhibit E, Draft Closing Statement. Optima has also failed to pay other expenses due, including property taxes and penalties, for over a year. *Id*. As of February 3, 2021, the principal and interest due on the mortgage was more than $14 million, and the outstanding property taxes and associated late penalties for 2019 and 2020 totaled approximately $1,155,343. *Id.* Expenses related to both the mortgage and taxes continue to accrue and remain unpaid. Those costs, fees, and taxes are a significant proportion of the Property's value and will continue to grow. Moreover, Optima has stopped investing in the building, and has little incentive to do so, which will cause the Property

3

to further depreciate, and the net equity to decline. A prompt sale is the only way to protect the value of the equity in the building.

When an interlocutory sale is uncontested, as here, the parties, with the court's approval, may agree to the procedures and conditions of the sale. *See* Rule G(7)(b)(iii). In this case, the parties have provisionally agreed to the manner in which the proceeds of the sale of the Property shall be distributed as payment or reimbursement, with the remaining funds comprising the "net proceeds" of the sale.[1] Upon consummation of the sale and distribution of the sale proceeds as outlined in Exhibit E and according to the terms of the PSA, and as required by Rule G(7), the net proceeds shall be considered the substitute *res* subject to forfeiture in the instant action in place of the Property, and will be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action. *See* Rule G(7)(b)(iv). If, at the conclusion of the case, the Court enters a forfeiture judgment, the substitute *res* will be disposed of as provided by law. *See* Rule G(7)(c).

WHEREFORE, the United States respectfully asks this Court to enter the attached proposed order approving the interlocutory sale of the Property pursuant to the provisions of Rule G(7), the PSA, and further Government approval, and grant such other relief as is just and lawful.

---

[1] Although the agreed-upon repayment schedule is set forth in the PSA, the parties agree that the sale will not be consummated until the Government has provided written approval of all final closing costs and distributions.

Dated: February 9, 2021                     Respectfully submitted,

                                                DEBORAH CONNOR, CHIEF
                                                MONEY LAUNDERING & ASSET
                                                RECOVERY SECTION

BY:  */s/ Shai D. Bronshtein*
       Shai D. Bronshtein, Trial Attorney
       Court ID No. A5502665
       United States Department of Justice
       1400 New York Avenue NW
       Washington, DC 20005
       (202) 616-5950
       Shai.Bronshtein@usdoj.gov

       */s/ Adrienne E. Rosen*

       Adrienne E. Rosen
       Assistant United States Attorney
       Court ID No. A5502297
       U.S. Attorney's Office
       99 NE 4th Street, 7th Floor
       Miami, Florida 33132
       (305) 961-9338
       Adrienne.Rosen@usdoj.gov

       *Attorneys for Plaintiff*
       *UNITED STATES OF AMERICA*