UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-25313-CIV-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE,
CLEVELAND, OHIO, *et al.*

    Defendants.
_____/

**ORDER GRANTING UNOPPOSED MOTION
FOR INTERLOCUTORY SALE**

    THIS MATTER is before the Court on the motion of the United States, pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for an order authorizing an interlocutory sale of the real property that is the subject of this civil asset forfeiture proceeding, 55 Public Square, Cleveland, Ohio, with All Appurtenances, Improvements, and Attachments Thereon, and any Right to Collect and Receive any Profit, Rent, Income, and Proceeds Therefrom (the "Real Property"). The Court has considered the motion and exhibits submitted in support thereof, and finds as follows:

    1.    On January 19, 2021, Optima 55 Public Square, LLC ("Optima") submitted a verified claim to the Real Property, asserting that it holds 100% ownership of the Real Property. ECF No. 6.

    2.    The Real Property is in default on its mortgage, and the total amount due on the mortgage is more than $14 million. In addition, more than $1.1 million in unpaid property taxes and penalties have been assessed against the Real Property.

3. The United States and Optima consent to an interlocutory sale of the Real Property, subject to the terms of a purchase agreement attached to the motion as Exhibit A (the "Purchase Agreement"). The Purchase Agreement provides, *inter alia*, for the Real Property to be purchased by KD 55 Public Square LLC, an entity which has no ownership or other affiliation with Optima, for the purchase price of $17 million. It further provides that the proceeds from the sale of the Real Property will be used to satisfy enumerated creditors in specified amounts, including by paying off the outstanding mortgage and delinquent property taxes and penalties.

4. Rule G(7)(b) empowers this Court to order the sale of the Real Property where certain conditions are met. *See* Rule G(7)(b)(i). Pursuant to that authority, this Court finds that an interlocutory sale of the Real Property is necessary and appropriate in order to preserve the value of the Real Property before the conclusion of the pending forfeiture proceedings. This Court further finds that an interlocutory sale of the Real Property will avoid both the risk of market fluctuations that could cause the Real Property to lose value, and the accrual of additional expenses in maintaining the property.

5. This Court orders that the Real Property shall be sold according to the procedures and terms of the Purchase Agreement, and subject to the final approval of the United States concerning the closing costs and distribution of funds. This Court further orders that the net proceeds of the sale, to include any refunds of escrows or other post-sale transfers otherwise due to Optima 55 Public Square LLC, Optima Ventures, or their owners, agents, or assigns, and any and all interest accrued thereon, shall be considered the substitute *res* subject to forfeiture in this civil forfeiture action in place of the Real Property and will be held in an interest-bearing escrow account maintained by the United States pending further order of this Court.

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this order authorizing the interlocutory sale of the Real Property.

**DONE AND ORDERED** in chambers at Miami Florida, this 11th day of February 2021.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge