UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-25313-MGC

UNITED STATES OF AMERICA,

                Plaintiff,

v.

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE,
CLEVELAND, OHIO, WITH ALL APPURTENANCES,
IMPROVEMENTS, AND ATTACHMENTS THEREON,
AND ANY RIGHT TO COLLECT AND RECEIVE ANY
PROFIT, RENT, INCOME AND PROCEEDS
THEREFROM,

                Defendant.

_____/

**ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM* OF CLAIMANTS VADIM M. SHULMAN, HORNBEAM CORPORATION, AND BRACHA FOUNDATION**

       Comes now Claimants, VADIM M. SHULMAN ("Shulman"), HORNBEAM CORPORATION ("Hornbeam") and BRACHA FOUNDATION ("Bracha") (collectively "Claimants"), by and through undersigned counsel, having previously filed a Verified Claim on January 29, 2021 (ECF #11), and files this Answer and Affirmative Defenses in accordance with Federal Civil Rule 12, Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and 18 U.S.C. §§ 981-987 as follows:[1]

**NATURE OF THE ACTION**

       1.     Claimants admit this action is a civil action in rem and have filed a claim of interest of the defendant property identified in "Attachment A" to the Verified Complaint for

---

[1] To the extent the headings in the Verified Complaint are intended to constitute factual allegations, Claimants have insufficient knowledge or information to form a belief as to those allegations.

Forfeiture *In Rem* ("Verified Complaint"). Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 1 of the Verified Complaint.

2.     Claimants admit this action involves the real property located at 55 Public Square in Cleveland, Ohio, and a 22-story office building, including appurtenances, improvements, attachments thereon, and rights to collect and receive profits, rents, and proceeds therefrom ("Defendant Asset"). Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 2 of the Verified Complaint.

3.     Claimants admit the United States seeks forfeiture of the Defendant Asset but have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 3 of the Verified Complaint.

4.     Claimants admit the United States seeks forfeiture of the Defendant Asset but have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 4 of the Verified Complaint.

5.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 5 of the Verified Complaint.

## JURISDICTION AND VENUE

6.     Claimants admit this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

7.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 7 of the Verified Complaint.

## PEOPLE AND ENTITIES

8.     Claimants admit the Plaintiff is the United States of America.

9.      Claimants admit the Defendant Asset is an office building located at 55 Public Square in Cleveland, Ohio 44113, including appurtenances, improvements, attachments thereon, and rights to collect and receive profits, rents, and proceeds therefrom. Claimant further admits the full legal description is attached as "Attachment A" of the Verified Complaint, as referenced in footnote 1 to Paragraph 9 of the Verified Complaint.

10.     Claimants admit that PrivatBank is a Ukrainian financial institution located in Ukraine. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 10 of the Verified Complaint.

11.     Claimants admit that Ihor Kolomoisky is a billionaire Ukrainian oligarch and that he controls businesses in many sectors of the Ukrainian economy. Claimants further admit that before the nationalization of PrivatBank, Kolomoisky was a primary owner of PrivatBank and was a member of the bank's Supervisory Board. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 11 of the Verified Complaint.

12.     Claimants admit that Gennadiy Bogolyubov is also a Ukrainian oligarch who shares in the ownership of many business entities with Kolomoisky. Claimants further admit that Bogolyubov was a major shareholder of PrivatBank along with Kolomoisky, that he was a member of the bank's Supervisory Board, and that he, together with Kolomoisky, exercised extensive control over the bank and its activities. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 12 of the Verified Complaint.

13.     Claimants admit that Mordechai Korf is a business associate of Kolomoisky and Bogolyubov and that he helped to acquire and manage Kolomoisky and Bogolyubov's business

empire in the United States. Claimants further admit that Korf, along with Kolomoisky and Bogolyubov, was a part owner of many of the U.S. entities (for which he often acted as President and CEO), and that many of the companies owned and/or controlled by Korf generally share variations of the name "Optima." Claimants also admit that Korf was also affiliated with PrivatBank's Latvia affiliate. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 13 of the Verified Complaint.

14.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 14 of the Verified Complaint.

15.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 15 of the Verified Complaint.

## FACTUAL ALLEGATIONS

16.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 16 of the Verified Complaint.

17.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 17 of the Verified Complaint.

18.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 18 of the Verified Complaint.

19.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 19 of the Verified Complaint.

20.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 20 of the Verified Complaint.

I.      **Kolomoisky and Bogolyubov Stole Billions From PrivatBank**

     A.      **Kolomoisky and Bogolyubov Controlled PrivatBank.**

21.      Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 21 of the Verified Complaint.

22.      Claimants admit that Kolomoisky and Bogolyubov founded PrivatBank in or about 1992. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 22 of the Verified Complaint.

23.      Claimants admit that Kolomoisky and Bogolyubov effectively dominated (at least until April 2015) PrivatBank's Supervisory Board. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 23 of the Verified Complaint.

24.      Claimants admit that Kolomoisky and Bogolyubov effectively dominated (at least until April 2015) PrivatBank's Supervisory Board. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 24 of the Verified Complaint, including footnote 2.

25.      Claimants admit that Manager 2 was frequently referred to as "Kolomoisky's Treasurer" and his "right-hand man." Claimants further admit that Manager 2 served as the Head of PrivatBank's Investment Business and as First Deputy Chairman of PrivatBank's Management Board from 2002 until December 2016. Claimants also admit that Manager 2 took direction directly from Kolomoisky and Bogolyubov. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 25 of the Verified Complaint. With respect to footnote 3, Claimants admit that Manager 2 assisted Kolomoisky and Bogolyubov's purported "investment" of misappropriated funds in the US, and

that he was involved in the in the purported decision to lend funds to Warren Steel Holdings LLC. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 25 of the Verified Complaint.

26.     Claimants admit that from at least 2006 through December 2016, Kolomoisky and Bogolyubov were the majority and controlling stockholders of PrivatBank and effectively controlled PrivatBank's Supervisory Board. Claimants further admit that this domination allowed Kolomoisky and Bogolyubov to control PrivatBank's significant corporate decisions including all significant lending decisions. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 26 of the Verified Complaint.

27.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 27 of the Verified Complaint.

28.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 28 of the Verified Complaint.

29.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 29 of the Verified Complaint.

30.     Claimants admit that PrivatBank was nationalized by the government of Ukraine in December 2016. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 30 of the Verified Complaint.

31.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 31 of the Verified Complaint.

**B.**   **Kolomoisky and Bogolyubov Embezzled Money And Defrauded the Bank.**

32.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 32 of the Verified Complaint.

33.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 33 of the Verified Complaint.

34.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 34 of the Verified Complaint.

35.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 35 of the Verified Complaint.

36.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 36 of the Verified Complaint.

37.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 37 of the Verified Complaint.

38.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 38 of the Verified Complaint.

39.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 39 of the Verified Complaint.

40.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 40 of the Verified Complaint.

41.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 41 of the Verified Complaint.

42.   Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 42 of the Verified Complaint.

43.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 43 of the Verified Complaint.

44.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 44 of the Verified Complaint.

45.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 45 of the Verified Complaint.

46.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 46 of the Verified Complaint, including footnote 4.

47.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 47 of the Verified Complaint.

48.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 48 of the Verified Complaint.

49.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 49 of the Verified Complaint.

50.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 50 of the Verified Complaint.

51.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 51 of the Verified Complaint.

52.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 52 of the Verified Complaint.

53.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 53 of the Verified Complaint.

54.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 54 of the Verified Complaint.

55.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 55 of the Verified Complaint.

56.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 56 of the Verified Complaint.

57.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 57 of the Verified Complaint.

58.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 58 of the Verified Complaint.

59.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 59 of the Verified Complaint.

60.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 60 of the Verified Complaint, including footnote 5.

61.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 61 of the Verified Complaint.

62.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 62 of the Verified Complaint.

**C.     Kolomoisky and Bogolyubov's Actions Violated Ukrainian Law.**

63.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 63 of the Verified Complaint.

64.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 64 of the Verified Complaint.

65.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 65 of the Verified Complaint.

66.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 66 of the Verified Complaint.

67.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 67 of the Verified Complaint.

68.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 68 of the Verified Complaint.

69.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 69 of the Verified Complaint.

70.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 70 of the Verified Complaint.

71.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 71 of the Verified Complaint.

**D.     Kolomoisky and Bogolyubov Laundered the Loan Proceeds.**

72.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 72 of the Verified Complaint.

73.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 73 of the Verified Complaint.

74.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 74 of the Verified Complaint.

75.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 75 of the Verified Complaint.

76.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 76 of the Verified Complaint.

77.     Claimants admit that many of the illusory "loan proceeds" were cycled through dozens of accounts controlled and/or affiliated with Kolomoisky and Bogolyubov through PrivatBank Cyprus, before being disbursed to one of the "related parties" owned and/or controlled by Kolomoisky and Bogolyubov (or their affiliates). Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 77 of the Verified Complaint.

78.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 78 of the Verified Complaint.

79.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 79 of the Verified Complaint.

## II.     Korf and Laber Created A Vast Network Of Companies To Launder The Stolen Money And Invest It In The United States

80.     Claimants admit that Korf (and others) assisted in establishing a complex system of entities to facilitate the laundering of misappropriated funds and to carry out their fraudulent scheme. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 80 of the Verified Complaint.

81.     Claimants admit that companies often used a variation of the name "Optima" and that these entities had a convoluted ownership structure. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 81 of the Verified Complaint.

82.     Claimants admit that the "Optima Family" included entities which were created, owned, or managed by Korf (and others).

(a)      Claimants admit Optima International of Miami, Inc. was founded by Korf and Laber and that Korf and Laber were the initial owners. Claimants also admit that Optima International participated in the fraudulent scheme and is one of the entities that purportedly loaned money to Warren Steel. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (a) of the Verified Complaint.

(b)      Claimants admit Optima Group, LLC was incorporated in Delaware and is owned by Kolomoisky, Bogolyubov, Korf and Laber. Claimants also admit that Optima Group participated in the fraudulent scheme and is one of the entities that purportedly loaned money to Warren Steel. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (b) of the Verified Complaint.

(c)      Claimants admit Optima Ventures, LLC was incorporated in Delaware and is owned by Kolomoisky, Bogolyubov, Korf and Laber. Claimants also admit that Optima Ventures participated in the fraudulent scheme and is one of the entities that purportedly loaned money to Warren Steel. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (c) of the Verified Complaint.

(d)      Claimants admit Georgian American Alloys, Inc. was incorporated in Delaware and is owned by Kolomoisky, Bogolyubov, Korf and Laber. Claimants also admit that Georgian American Alloys owned and managed several ferroalloys and producers in the U.S. including, but not limited to, CC Metals and Alloys, LLC, Felman Production, LLC, and Felman Trading, Inc. Claimants also admit that Georgian

American Alloys (and its affiliates) participated in the fraudulent scheme and is one of the entities that purportedly loaned money to Warren Steel. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (d) of the Verified Complaint.

(e)    Claimants admit Optima Acquisitions, LLC was incorporated in Delaware and is owned by Kolomoisky, Bogolyubov, and Korf. Claimants also admit that Optima Acquisitions participated in the fraudulent scheme and is one of the entities that purportedly loaned money to Warren Steel. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (e) of the Verified Complaint.

(f)    Claimants admit that Optima Specialty Steel, LLC was a wholly owned subsidiary of Optima Acquisitions. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (f) of the Verified Complaint.

(g)    Claimants admit the allegations listed in Paragraph 82 (g) of the Verified Complaint.

(h)    Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (h) of the Verified Complaint.

(i)    Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (i) of the Verified Complaint.

(j)     Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 82 (j) of the Verified Complaint.

83.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 83 of the Verified Complaint.

84.    Claimants admit that Optima Acquisitions participated in the fraudulent scheme and is one of the entities that purportedly loaned money to Warren Steel. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 84 of the Verified Complaint.

85.    Claimants admit that Optima Ventures participated in the fraudulent scheme and is one of the entities that purportedly loaned money to Warren Steel. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 85 of the Verified Complaint.

86.    Claimants admit the fraudulent scheme included numerous related party "loans" for tens of millions of dollars. Claimants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations listed in Paragraph 86 of the Verified Complaint.

87.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 87 of the Verified Complaint.

88.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 88 of the Verified Complaint.

89.    Claimants admit that Korf played a critical role in the fraudulent scheme orchestrated by Kolomoisky and Bogolyubov. Claimants have insufficient knowledge or

information to form a belief as to the truth of the remaining allegations listed in Paragraph 89 of the Verified Complaint.

90.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 90 of the Verified Complaint.

91.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 91 of the Verified Complaint.

**III.     Optima Purchased 55 Public Square With**
**        Funds Misappropriated From PrivatBank**

92.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 92 of the Verified Complaint.

93.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 93 of the Verified Complaint.

94.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 94 of the Verified Complaint. Notwithstanding, Claimants reasonably believe, and therefore assert on information and belief, that the allegations listed in Paragraph 94 of the Verified Complaint are evidence, in part, of the scheme perpetrated against Claimants by Kolomoisky and Bogolyubov and their agents/affiliates.

95.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 95 of the Verified Complaint. Notwithstanding, Claimants reasonably believe, and therefore assert on information and belief, that the allegations listed in Paragraph 95 of the Verified Complaint are evidence, in part, of the scheme perpetrated against Claimants by Kolomoisky and Boholiubov and their representatives.

96.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 96 of the Verified Complaint. Notwithstanding,

Claimants reasonably believe, and therefore assert on information and belief, that the allegations listed in Paragraph 96 of the Verified Complaint are evidence, in part, of the scheme perpetrated against Claimants by Kolomoisky and Boholiubov and their representatives.

97.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 97 of the Verified Complaint.

98.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 98 of the Verified Complaint.

**A.      The Money Used To Purchase 55 Public Square
Was Proceeds Of Fraud And Embezzlement.**

99.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 99 of the Verified Complaint, including footnote 9.

100.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 100 of the Verified Complaint, including footnote 10.

101.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 101 of the Verified Complaint.

102.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 102 of the Verified Complaint.

103.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 103 of the Verified Complaint.

104.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 104 of the Verified Complaint.

105.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 105 of the Verified Complaint.

106.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 106 of the Verified Complaint.

107.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 107 of the Verified Complaint.

108.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 108 of the Verified Complaint.

109.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 109 of the Verified Complaint, including all subparts, and including footnote 11.

110.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 110 of the Verified Complaint.

111.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 111 of the Verified Complaint.

112.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 112 of the Verified Complaint.

113.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 113 of the Verified Complaint.

   **B.    Optima 55 Public Square Undertook
           Additional Money Laundering Transactions.**

114.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 114 of the Verified Complaint.

115.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 115 of the Verified Complaint.

116.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 116 of the Verified Complaint.

117.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 117 of the Verified Complaint.

**C.      55 Public Square Was Used As Collateral for Loans that Were not Repaid.**

118.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 118 of the Verified Complaint.

119.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 119 of the Verified Complaint.

120.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 120 of the Verified Complaint.

121.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 121 of the Verified Complaint.

122.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 122 of the Verified Complaint.

123.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 123 of the Verified Complaint.

124.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 124 of the Verified Complaint.

125.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 125 of the Verified Complaint.

126.    Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 126 of the Verified Complaint.

127.     Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 127 of the Verified Complaint.

## FIRST CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(C)

128.     Claimants incorporate the admissions, denials, and assertions stated in Paragraphs 1 through 127 above by reference herein.

129.     Paragraph 129 purports to state a legal conclusion to which no response is required.

130.     Paragraph 130 purports to state a legal conclusion to which no response is required.

## SECOND CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(A)

131.     Claimants incorporate the admissions, denials, and assertions stated in Paragraphs 1 through 127 above by reference herein.

132.     Paragraph 132 purports to state a legal conclusion to which no response is required.

133.     Paragraph 133 purports to state a legal conclusion to which no response is required.

## THIRD CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(A)

134.     Claimants incorporate the admissions, denials, and assertions stated in Paragraphs 1 through 127 above by reference herein.

135.     Paragraph 135 purports to state a legal conclusion to which no response is required.

136.     Paragraph 136 purports to state a legal conclusion to which no response is required.

## FOURTH CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(A)

137.     Claimants incorporate the admissions, denials, and assertions stated in Paragraphs 1 through 127 above by reference herein.

138.     Paragraph 138 purports to state a legal conclusion to which no response is required.

139.     Paragraph 139 purports to state a legal conclusion to which no response is required.

## FIFTH CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(A)

140.     Claimants incorporate the admissions, denials, and assertions stated in Paragraphs 1 through 127 above by reference herein.

141.     Paragraph 141 purports to state a legal conclusion to which no response is required.

142.     Paragraph 142 purports to state a legal conclusion to which no response is required.

## SIXTH CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(A)

143.     Claimants incorporate the admissions, denials, and assertions stated in Paragraphs 1 through 127 above by reference herein.

144.     Paragraph 144 purports to state a legal conclusion to which no response is required.

145.    Paragraph 145 purports to state a legal conclusion to which no response is required.

## SEVENTH CLAIM FOR RELIEF
### 18 U.S.C. § 981(a)(1)(A)

146.    Claimants incorporate the admissions, denials, and assertions stated in Paragraphs 1 through 127 above by reference herein.

147.    Paragraph 147 purports to state a legal conclusion to which no response is required.

148.    Paragraph 148 purports to state a legal conclusion to which no response is required.

149.    Paragraph 149 purports to state a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

To the extent it is determined that misappropriated funds from Claimants and/or Warren Steel were used to purchase 55 Public Square located in Cleveland, Ohio, Claimants claim an interest in the proceeds (in an amount to be determined) resulting from any sale of the defendant in rem in the above-referenced action and consisting of the following:

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE, CLEVELAND, OHIO, WITH ALL APPURTENANCES, IMPROVEMENTS, AND ATTACHMENTS THEREON, AND ANY RIGHT TO COLLECT AND RECEIVE ANY PROFIT, RENT, INCOME AND PROCEEDS THEREFROM.

## SECOND DEFENSE

To the extent it is determined that misappropriated funds from Claimants and/or Warren Steel were used to purchase the Defendant Asset, Claimants assert an interest in Defendant Asset and respectfully request that any order of forfeiture appropriately address Claimants' interest.

## THIRD DEFENSE

Claimants were and remain innocent owners of an interest in the Defendant Asset, as provided for in 18 U.S.C. § 983 (d), and Claimants are entitled to one or more of the remedies set forth in § 983 (d)(5).

## FOURTH DEFENSE

Forfeiture of Claimants' interest in the Defendant Asset, as such, would violate the Due Process Clause and would constitute a taking, without just compensation, both in violation of the Fifth Amendment, United States Constitution.

## FIFTH DEFENSE

Forfeiture of Claimants' interest in the Defendant Asset, as such, would constitute a constitutionally excessive outcome, in violation of the Eighth Amendment, United States Constitution, and of 18 U.S.C. § 983 (g).

WHEREFORE, Claimants VADIM M. SHULMAN, HORNBEAM CORPORATION, and BRACHA FOUNDATION respectfully request this Honorable Court enter an appropriate order in favor of Claimants with one of the remedies available to them as innocent owners with a partial interest in the property, as defined and available by 18 U.S.C. § 983 (d)(5);

Further, that the Court enter an award for Claimants' costs and attorney fees as available by 28 U.S.C. § 2465(b)(1)(A), and any other relief the Court deems appropriate pursuant to 28 U.S.C. § 2465;

Further, that the Court make such further dispositions as it deems appropriate, including an award of costs and attorney fees in favor of Claimants.

## DEMAND FOR JURY TRIAL

Claimants hereby demand a trial by jury for all issues so triable in this proceeding.

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

This Answer is also being served in accordance with the Notice of Verified Complaint for Forfeiture *In Rem* Against Real Property, dated December 30, 2020, ¶ 6 (ECF #1-3), and is being sent by certified and regular mail to:

AUSA Adrienne E. Rosen,
United States Attorney's Office,
99 NE 4th Street, 7th Floor,
Miami, Florida 33132.

And by email to:

AUSA Adrienne E. Rosen: Adrienne.Rosen@usdoj.gov
AUSA Shai D. Bronshtein: Shai.Bronshtein@usdoj.gov

s/*Thomas Allison*
**Tucker H. Byrd**
Florida Bar No. 381632
**Thomas C. Allison**
Florida Bar No. 35242
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286

23

Primary Email: TByrd@ByrdCampbell.com
Primary Email: TAllision@ByrdCampbell.com
Secondary Email: EGarcia@ByrdCampbell.com
*Attorneys for Claimants*

John A. Sten (BBO# 629577)
Jason C. Moreau (BBO# 648678)
**Armstrong Teasdale, LLP**
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 217-2030
jsten@atllp.com
jmoreau@atllp.com

February 18, 2021