UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-25313-MGC

UNITED STATES OF AMERICA,

       Plaintiff,

v.

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE,
CLEVELAND, OHIO, WITH ALL APPURTENANCES,
IMPROVEMENTS, AND ATTACHMENTS THEREON,
AND ANY RIGHT TO COLLECT AND RECEIVE ANY
PROFIT, RENT, INCOME, AND PROCEEDS
THEREFROM,

       Defendant,
_____/

**CLAIMANTS MORDECHAI KORF AND URIEL LABER'S
MOTION TO COMPEL ARBITRATION**

Claimants Mordechai Korf and Uriel Laber move pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, (the "New York Convention"),[1] incorporated into Chapter 2 of the Federal Arbitration Act ("FAA"), to compel arbitration pursuant to the Treaty Between the United States of America and Ukraine Concerning the Encouragement and Reciprocal Protection of Investment (the "U.S.-Ukraine BIT") of all claims in this matter pursuant to 9 U.S.C. § 206, and hereby adopt and join in the Motion to Compel Arbitration filed by Claimants Optima Ventures, LLC ("Optima Ventures") and Optima 55 Public Square, LLC, ("Optima 55 Public Square") (ECF# 26) incorporated herein by reference.

---

[1] Both the United States and Ukraine are parties to the New York Convention. *See* https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2

1

In the alternative to compelling arbitration of Korf and Laber's claims, the Court should stay those claims pending the outcome of the arbitration pursuant to 9 U.S.C. § 3 as the claims of Optima Ventures and Optima 55 Public Square will render moot, and otherwise be dispositive of, Korf and Laber's claims.

**ARGUMENT**

**1.      The Court Should Compel the United States to Arbitrate Against Korf and Laber**

This Court should compel arbitration because the United States is alleging that Korf and Laber are engaged in interdependent and concerted misconduct with Ukrainian investors Ihor Kolomoisky and Gennadiy Boholyubov. It is well established that "Chapter 1 of the FAA permits a nonsignatory to rely on state-law equitable estoppel doctrines to enforce an arbitration agreement." *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631-32 (2009)). "Equitable estoppel allows a nonsignatory to enforce the provisions of a contract against a signatory . . . when the signatory raises allegations of interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Bailey v. ERG Enterprises, LP*, 705 F.3d 1311, 1320 (11th Cir. 2013). "[T]he New York Convention does not conflict with the enforcement of arbitration agreements by nonsignatories under domestic-law equitable estoppel doctrines." *Id.* at 1648.

The Verified Complaint alleges that:

> Kolomoisky and Boholiubov recruited their American counterparts, Korf and Laber . . . . Korf and Laber established a complex system of entities in order to facilitate the laundering of the misappropriated funds, and to invest the funds in property and businesses in the United States.
>
> . . .

> Optima Ventures was owned by Kolomoisky, Boholiubov, Korf, and Laber. It was the primary vehicle used to acquire property in the United States with misappropriated funds from PrivatBank. . . . Korf and Laber established many entities under Optima Ventures, with which they acquired property using funds misappropriated from PrivatBank, including:
>
> . . .
>
> Optima 55 Public Square, LLC ("Optima 55 Public Square"), used . . . to acquire the building at 55 Public Square in Cleveland, Ohio.

ECF#1, ¶¶ 80, 82. Based on this allegation of "interdependent and concerted misconduct" with Kolomoisky and Boholiubov, the United States seeks to forfeit Korf and Laber's interests in the defendant-in-rem, and alleges that "[t]he interests of Mordechai Korf, Uriel Laber, Ihor Kolomoisky, and Gennadiy Boholiubov may be adversely affected by these proceedings." *Id.* at ¶ 15.

Because the United States has raised "allegations of interdependent and concerted misconduct by both the nonsignator[ies]" (*i.e.*, Korf and Laber), and one or more of the" parties consenting in writing to the arbitration (*i.e.*, Optima Ventures and Optima 55 Public Square), the United States should be compelled pursuant to 9 U.S.C. § 206 to arbitrate its claims against Korf and Laber with those of Optima Ventures and Optima 55 Public Square. *See* ECF#26, (Motion to Compel Arbitration by Optima Ventures and Optima 55 Public Square, filed contemporaneously herewith); *Outokumpu*, 140 S. Ct. at 1644–47, 1648.

2. **The Court Should Alternatively Stay Korf and Laber's Claims Under § 3 of the FAA Because Resolution of the Arbitration Claims of Optima Ventures and Optima 55 Public Square May Moot Korf and Laber's Claims and Conserve Judicial Resources**

Claimants Optima Ventures and Optima 55 Public Square are arbitrating their claims against the United States before the International Centre for Settlement of Investment Disputes ("ICSID"). In the ICSID arbitration, Optima Ventures and Optima 55 Public Square—both of

3

which are ultimately majority owned and controlled by Ukrainian investors Kolomoisky and Boholiubov – claim that the United States' deprivation of their investment, *i.e.*, 55 Public Square (which is the defendant-*in-rem* in this case), and the actions taken by the United States, violate the bilateral investment treaty between the United States and Ukraine. Claimants Optima Ventures and Optima 55 Public Square are seeking from the United States full compensation for the United States' actions with respect to Optima 55 Public Square.

In this case, Claimants Korf and Laber claim an interest in the defendant-in-rem through their respective 16.665% interests in Optima Ventures. *See* ECF#s 3, 5. Optima Ventures holds a 100% ownership interest in Optima 55 Public Square, and Optima 55 Public Square in turn holds as its asset 100% ownership of the defendant-in-rem. Simply put, if Optima Ventures and Optima 55 Public Square prevail in the ICSID arbitration, Claimants Korf and Laber will be made completely whole, obviating the need for their claims to proceed on a parallel track in this Court. Judicial economy therefore weighs in favor of staying this action pending resolution of the ICSID arbitration.

In fact, section 3 of the FAA clearly states, without exception, that whenever suit is brought on an arbitrable claim, the Court "shall" upon application stay the litigation until arbitration has been concluded. 9 U.S.C. § 3. "A nonsignatory or non-party to an arbitration agreement may be entitled to a stay of claims pending arbitration if the claims against it . . . are 'based on the same operative facts and are inherently inseparable from the claims against' a party or signatory." *Hudson Glob. Res. Mgmt., Inc. v. Beck*, No. 805CV1446T27TBM, 2006 WL 1722353, at *6 (M.D. Fla. June 20, 2006) (quoting *Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000)). "While a nonsignatory or non-party to an arbitration agreement may have no right to enforce arbitration itself, if its potential liability derives from the conduct or potential liability of a party or signatory,

4

it is entitled to a stay pending arbitration." *Hudson Glob*, No 2006 WL 1722353, at *6. Here, the United States is claiming that Korf and Laber are liable to lose hundreds of thousands of dollars in equity, based on the conduct or potential liability of Ukrainian investors Kolomoisky and Boholiubov, and whether the United States is able to impose that liability will be decided in ongoing arbitration. In this circumstance, Korf and Laber are entitled to have their claims stayed pending resolution of arbitration.

WHEREFORE, Claimants Korf and Laber respectfully request that the Court compel arbitration and exercise its discretion pursuant to 9 U.S.C. § 206 to dismiss the matter or alternatively stay the action pursuant to 9 U.S.C. § 3 until arbitration is completed.

Dated: February 19, 2021

Respectfully submitted,

Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Blvd., Suite 1300
Miami, FL 33131
Tel: (305) 371-6421
Fax: (305) 371-6322

By:    */s/ Howard M. Srebnick*
Howard M. Srebnick
Florida Bar No. 919063
Robert T. Dunlap
Florida Bar No. 11950
HSrebnick@RoyBlack.com
RDunlap@RoyBlack.com

*Attorneys for Claimants Korf and the Corporate Entities*

        Kasowitz Benson Torres LLP
        1633 Broadway
        New York, New York 10019
        (212) 506-1700
        Marc E. Kasowitz
        Mark P. Ressler
        Ronald R. Rossi
        Sarmad M. Khojasteh
        Joshua Paul
        *Pro Hac Vice Anticipated*
        MKasowitz@kasowitz.com
        MRessler@kasowitz.com
        RRossi@kasowitz.com
        SKhojasteh@kasowitz.com
        JPaul@kasowitz.com

        *Attorneys for Claimants Korf, Laber, and the Corporate Entities*

        */s/ Scott A. Srebnick*
        Scott A. Srebnick, P.A.
        201 South Biscayne Boulevard
        Suite 1210
        Miami, FL 33131
        Telephone: (305) 285-9019
        Facsimile: (305) 377-9937
        Scott@srebnicklaw.com

        *Attorney for Claimant Laber*